

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN CRISAFULLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 6186 |
| | ) | |
| MICHAEL GARCIA, SONHERO KHOSHABA, AARON SPIVACK d/b/a LAW OFFICES OF AARON SPIVACK, JULIE M. RAMOS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Patricia Ann Crisfulli (plaintiff) sues defendants Michael Garcia, Sonhero Khoshaba, Aaron Spivack, Julie M. Ramos, Mortgage Electronic Registration Systems, Inc. (MERS), a Delaware corporation, as well as Unknown Owners of Record and Non-record Claimants. The amended complaint purports to state two claims for relief, one against the individual defendants for violation of the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. § 1961 et seq. (RICO), and the other, against all defendants, to quiet title to a condominium apartment in Evanston, Illinois. Before the court is plaintiff's unopposed motion for summary judgment.

Defendants Garcia, Khoshaba, and Spivack have been personally served with process and held in default for failure to appear.

Defendant Ramos was served by publication and has also failed to appear. MERS has filed an answer in which it pled insufficient knowledge to admit or deny the complaint and requests a finding that it has a valid and enforceable first mortgage lien on the subject property.

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, I must view all evidence in the light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.), cert. denied, 484 U.S. 977 (1987), and must draw all reasonable inferences in the non-movant's favor. *Santiago v. Lane,* 894 F.2d 218, 221 (7th Cir. 1990). Further, the Seventh Circuit has held that summary judgment motions, even when unopposed, must be carefully scrutinized to ensure that the record warrants the relief requested. *Nabozy v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996). I have reviewed plaintiff's summary judgment motion and supporting papers. I find that plaintiff has not established her right to a summary judgment under RICO.

Plaintiff's allegations may be briefly summarized as follows. Plaintiff owns a condominium apartment described as #3B, 250 Ridge Avenue, Cook County, Evanston, Illinois (the "Property"). On or about January 5, 2004, plaintiff met with defendant Garcia, who

held himself out as a real estate salesman, and executed a listing agreement with him for potential sale of the Property. Mr. Garcia never presented plaintiff with any contracts or offers. On or about February 1, 2004, plaintiff called Mr. Garcia and told him to take the Property off the market. During February 2004, she submitted an application to MERS for refinancing her first mortgage loan. On or about February 24, 2004, without plaintiff's knowledge or consent, Mr. Garcia, purportedly acting as plaintiff's agent and using a fraudulently procured Power of Attorney and Deed, which were attested by defendant Ramos, a notary public, effectuated a transfer of the Property to defendant Khoshaba. Law Title Insurance Company issued checks for the proceeds of the fraudulent transaction to plaintiff. Mr. Garcia immediately endorsed the checks made payable to plaintiff to unknown third parties who absconded with the funds. Plaintiff did not learn about the transaction or the fraudulent deed to Mr. Khoshaba until June 2004. The Deed states that plaintiff was the preparer of the instrument, and defendant Ramos was the notary public attesting to the Plaintiff's signature. Plaintiff did not prepare or execute the Deed. The settlement statement for the transaction indicates that defendant Spivack, a lawyer, was paid $750 from Seller's funds, apparently for representation of plaintiff. Plaintiff has never communicated with Mr. Spivack about anything, much less retained him to represent her with regard to the fraudulent closing.

Plaintiff has received no funds as a result of the checks issued by Law Title at the fraudulent closing. Plaintiff now desires to sell the Property but cannot do so because title "is vested in the name of Khoshaba." Plaintiff further alleges defendants Garcia, Koshaba, Spivack and Ramos constitute an "enterprise" as that term is defined in RICO, 18 U.S.C. § 1961, which enterprise engaged in "the activities of which affect interstate commerce." (sic) "Subsequent to the execution of the Quit Claim Deed, through February 27, 2004, Defendants Garcia, Khoshaba, Spivack and Ramos engaged in a series of communications and discussions in an effort to devise, foster or create a fraudulent pretext upon which to eliminate [Plaintiff's] ownership interest in the Property. . . "Said defendants communicated by wire (telephone) in executing the scheme to defraud Plaintiff, and each use of the wires in furtherance of the scheme constitute (sic) a separate offense. Defendants Garcia, Khoshaba and Spivack used income derived from a pattern of racketeering activity . . ." Plaintiff does not reference any other violations of RICO by the individual defendants.

Assuming that all of plaintiff's allegations are true, they still do not prove a claim under RICO, and plaintiff has not won a ticket to the federal court by pleading the statute. For the following reasons, which are not intended to be exhaustive, the "garden variety" fraud shown by plaintiff does not come within the

4

purview of RICO.

1. Plaintiff has not shown that the individual defendants constitute an "enterprise." She makes no attempt to show that they had any type of organizational structure. A RICO enterprise is "more than a group of people who get together to commit a pattern of racketeering activity." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 676 (7th Cir. 2000). In *Stachon*, the Seventh Circuit noted that an enterprise is not defined by what it does. See also *ABN Ambro Mortgage, Inc. v. Maximum Mortgage, Inc.*, Case No. 1: Civ. 04CV492, 2005 WL 1162889 at *9, (N.D. Ind., May 6, 2005).

2. Racketeering activity is a defined term; the types of offenses which qualify for that designation are enumerated in 18 U.S.C. § 1961. Plaintiff, choosing from the statute's menu of offenses, has opted to base her RICO claim on wire fraud, here the use of the telephone by the individuals who participated in effecting the fraudulent conveyance of title to her condominium apartment, but she has not proved the elements of that claim. The individual conversations are not described.

3. It is necessary to show a *pattern* of racketeering activity consisting of at least two predicate acts of racketeering in order to bring a case, criminal or civil, within the terms of the statute. The pattern requirement seeks to prevent RICO from being used as a surrogate for actions that involve "garden variety" fraud. *Midwest Grinding Co., Inc. v Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992).

Multiple criminal acts in furtherance of a single scheme usually do not meet the pattern requirement. *Olive Can Co., Inc v. Martin*, 906 F.2d. 1147, 1151 (7th Cir. 1990). One cannot reasonably infer a threat of continuing criminal activity from the facts shown by plaintiff. *See CIB Bank v. Esmail*, 2004 WL 3119027 at *5, Case No. 04 C 4870 (N.D. Ill. Dec. 28, 2004).

For the foregoing reasons, I deny plaintiff's summary judgment motion. I must also dismiss her RICO claim for lack of jurisdiction over the subject matter. United States district courts are courts of limited jurisdiction; they have only such subject matter jurisdiction as Congress chooses to confer upon them. *Teamsters Nat. Transporters Ind. V. Troha*, 328 F.3d 325, 327 (7th Cir. 2003). Fed. R. Civ. P. 12(h)(3) provides that

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Plaintiff has demonstrated clearly that she has no viable claim under RICO.

Plaintiff's sole asserted basis for my jurisdiction over her state law claim is the doctrine of pendent jurisdiction, which does not apply. *Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235,1239-40 (7th Cir. 1984)("The doctrine of pendent jurisdiction gives a federal court power to hear a claim that has no independent basis for federal jurisdiction if the claim derives from a 'common nucleus of operative fact' with a *federal claim that is substantively*

*sufficient to confer subject matter jurisdiction on the court."*)(emphasis added). Plaintiff's federal claim is not substantially sufficient to confer jurisdiction. If plaintiff proves that she was defrauded by the individual defendants in a state court, that court may award her damages, which this court cannot. Thus, judicial economy will be served if the underlying facts of Plaintiff's claims are adjudicated in a tribunal that can grant her complete relief. I therefore dismiss Count II without prejudice and terminate this action.

                                      **ENTER ORDER:**

                                        */s/ Elaine E. Bucklo*
                                        **Elaine E. Bucklo**
                                        United States District Judge

Dated: August 2, 2005